IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK L. HALL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case Nos.  6:24-CV-03008-MDH |
| ) | 6:19-CR-03132-MDH-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Movant's Motion to Vacate Pursuant to 28 U.S.C. § 2255. (Doc. 1). Movant's motion raises three grounds from which he alleges he is entitled to relief for ineffective assistance of counsel. On January 23, 2025, the Court conducted a hearing on the pending motion. The matter is ripe for review. For the reasons set forth herein, Movant's Motion to Vacate is **DENIED**.

## BACKGROUND

Derrick Hall pleaded guilty to conspiracy to distribute 100 grams or more of heroin and possession of a firearm in furtherance of drug trafficking. Hall was sentenced below his guidelines range of 262 to 327 months to a total of 180 months' imprisonment. The plea agreement limited Hall's statutory exposure, and the Government agreed not to file an enhancement under 21 U.S.C. § 851. Hall did not file a direct appeal and has now filed the instant pro se motion under § 2255 challenging his convictions and sentences.

Hall raises three claims of ineffective assistance by his counsel, Joshua Roberts, for: (1) failing to challenge conspiracy qualifying as a controlled substance offense under U.S.S.G. §§ 4B1.1 and 4B1.2; (2) failing to file an appeal after being instructed to do so; and (3) failing to argue against his career offender designation under the Sentencing Guidelines.

1

**PROCEDURAL HISTORY**

On June 29, 2022, Hall pleaded guilty, pursuant to a written plea agreement, before the magistrate court to Counts One and Two of a superseding information to conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B); and possession of a firearm in furtherance of Count One, in violation of 18 U.S.C. § 924(c)(1)(A). On July 14, 2022, this Court accepted Hall's guilty pleas.

On October 27, 2022, the final presentence investigation report (PSR) was filed. The PSR contained a description of the offense conduct. The PSR calculated a base offense level of 24, under U.S.S.G. § 2D1.1, for an offense involving at least 100 grams of heroin but less than 400 grams. The PSR applied a twolevel enhancement under § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. Under § 4B1.1(b)(2), Hall's offense level was increased to 34, finding Hall to be a career offender because he was at least 18 years old at the time of the offense, the instant conviction was a controlled substance offense, and Hall had at least two prior felony convictions of either a crime of violence or a controlled substance offense. The PSR also applied a three-level reduction, under § 3E1.1(a) and (b), for acceptance of responsibility. This yielded a total offense level of 31. The PSR assessed a criminal history category of VI, resulting in an advisory Sentencing Guidelines range of 262 to 327 months' imprisonment.

The plea agreement limited Hall's statutory exposure by dismissing the original indictment, which included multiple counts for possession with intent to distribute heroin, distribution of heroin, and felon in possession of firearms, and the Government also agreed not to seek enhanced penalties under 21 U.S.C. § 851. Hall's counsel objected to statements made, the drug quantity,

the two-level enhancement, the adjusted base offense level, and the inclusion of other criminal conduct and other arrests.

Hall appeared for sentencing on December 13, 2022. After taking up objections, the Court found Hall's guidelines range to be 262 to 327 months' imprisonment. The Government argued for a total sentence of 300 months, and defense counsel argued for the statutory minimum of five years on each count, a total sentence of 120 months. After discussing the 18 U.S.C. § 3553(a) factors, this Court imposed 120 months on Count One, the consecutive mandatory minimum sentence of 60 months on Count Two, for a total sentence of 180 months' imprisonment, followed by concurrent terms of five years' supervised release. Hall did not file a direct appeal.

On January 2, 2024, Hall filed the instant motion, along with a memorandum in support, seeking to vacate his convictions and sentences based on ineffective assistance of counsel. For Hall's motion to be timely, he must have filed it by December 27, 2023. Hall declared that he signed and placed his motion in the prison mailbox system on December 12, 2023. The Government concedes for purposes of this motion that it is timely filed under 28 U.S.C. § 2255(f)(1). Hall is currently incarcerated at the Coleman Medium federal correctional institution in Sumterville, Florida, with a projected release date of June 27, 2032.

**STANDARD**

A prisoner may move for the court to vacate, set aside, or correct the sentence imposed on the prisoner by alleging "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. A claim of ineffective assistance of counsel may be sufficient to

3

Case 6:24-cv-03008-MDH    Document 19    Filed 02/06/25    Page 3 of 10

attack a sentence under section 2255; however, the "movant faces a heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

In such cases, the court must scrutinize the ineffective assistance of counsel claim under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* Under *Strickland*, a prevailing defendant must prove "both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Id.*, citing *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). As to the "deficiency" prong, the defendant must show that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *Id.* Courts are highly deferential to the decisions of counsel and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

A reviewing court must look at the circumstances as they appeared to counsel at the time of the proceeding and should rarely second-guess an attorney's tactics or strategic decisions. *Lacher v. United States*, No. 05-3175-CV-S-RED, 2006 WL 744278 (W.D. Mo. Mar. 23, 2006). As to the "prejudice" prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cheek*, 858 F.2d at 1336 (quoting *Strickland*, 466 U.S. at 694).

**ANALYSIS**

Hall raises three grounds for ineffective assistance of counsel: (1) failing to challenge conspiracy qualifying as a controlled substance offense under U.S.S.G. §§ 4B1.1 and 4B1.2; (2) failing to file an appeal after being instructed to do so; and (3) failing to argue against his career offender designation under the Sentencing Guidelines.

4

**Ground One**

First, Hall argues that his counsel failed to challenge conspiracy qualifying as a controlled substance offense under U.S.S.G. §§ 4B1.1. This argument has been squarely rejected by the Eighth Circuit, which agrees with the Sentencing Guidelines' own commentary that drug conspiracies are "controlled substance offenses" for purposes of the career offender enhancement. See *United States v. Perez*, 46 F.4th 691, 702, fn. 3 (8th Cir. 2022) (citing *United States v. Merritt*, 934 F.3d 809, 811 (8th Cir. 2019)) (under the law of the circuit, "conspiracy to commit a controlled substance offense is itself a controlled substance offense as defined by the Guidelines"); *United States v. Medearis*, 65 F4th 981, 986 (8th Cir.), *cert. denied*, 144 S.Ct. 363 (2023) (finding § 846 a qualifying predicate conviction).

Hall cannot demonstrate deficient performance by his counsel in light of the Eighth Circuit's precedent. Ground One is denied.

**Ground Three**

In Ground Three, Hall alleges that counsel was ineffective for failing to argue against his career offender designation under the Sentencing Guidelines. Hall states he was 17 years old when he was convicted of first-degree assault, in violation of Mo. Rev. Stat. § 565.050. He further contends after the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021), his prior felony conviction for resisting/interfering with an arrest, in violation of Mo. Rev. Stat. § 575.150, no longer qualifies as a crime of violence.

The government states under U.S.S.G. § 4B1.2(c), a defendant is considered a career offender if he committed the instant offense after sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. Hall does not dispute that his prior conviction for felony distribution of a controlled substance is a qualifying offense. The government
5

argues the Court need only to find that Hall had one other qualifying offense. The government argues that even though Hall contends that he was 17 years old when he committed first-degree assault under Mo. Rev. Stat. § 575.150, this conviction counts because Hall was prosecuted as an adult and received a sentence of 20 years' custody in the Missouri Department of Corrections. "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." U.S.S.G. § 4B1.2, App. N. 1, defining "prior felony conviction."

In addition, the government states the Eighth Circuit has recognized that "Mo. Rev. Stat. § 575.150.1(1) is divisible and lists multiple offenses: (1) resisting arrest by use or threatened use of force and (2) resisting arrest by fleeing from an officer." Citing *United States v. Brown*, 73 F.4th 1011, 1014 (8th Cir. 2023). While resisting arrest by fleeing from an officer is not a crime of violence, resisting arrest by using or threatening the use of physical force is a violent felony under the Armed Career Criminal Act (ACCA) and a crime of violence under Sentencing Guidelines. *Id.* at 1014-15. The government states Hall's conviction was for "resisting arrest by using or threatening to use violence or physical force," and because that offense is divisible, it qualifies as a crime of violence under the Guidelines. Hall does not provide any certified copies of his prior convictions that demonstrate that the PSR recitation of the conviction is erroneous.

Here, the Court finds Hall was properly determined to be a career offender because he has two prior felony convictions that are crimes of violence and one felony conviction for a controlled substance offense. Further, counsel may not be deemed ineffective for making a meritless objection. See *Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991) (recognizing "[c]ounsel's failure to raise these meritless issues does not constitute ineffective assistance"). For these reasons, Ground Three is denied.

**Ground Two**

Finally, Hall argues counsel failed to file an appeal after being instructed to do so. On Ground Three the Court heard testimony from Hall, Keisha Hall, and Joshua Roberts.

First, Keisha Hall, Hall's sister, testified that she attempted to contact Robert's office and was unable to reach him. She testified she spoke to a secretary and left a message at least twice but never received a call back. Ms. Hall testified she did not leave any details about why she was trying to reach Roberts or the reason for her call. The specific dates of her attempts were unknown. However, on December 12, 2022, the day before Hall was sentenced, Ms. Hall emailed Roberts a letter she wanted submitted for sentencing. Despite her prior email correspondence, Ms. Hall testified she did not attempt to email Roberts after the sentencing when she claims she was unable to reach him via the phone.

Hall testified after the sentencing he informed his counsel he wanted to appeal his sentence. Hall stated that Roberts informed him to go back to his cell and think about it. He said the next day he tried to call Roberts and could not reach him. He further testified he asked his sister to try and reach Roberts regarding an appeal. Hall testified he called Roberts' office at least four times but never talked to anyone. He stated that there was not a voicemail option. Hall also testified that prior to the sentencing he did not have any issues or problems reaching Roberts or communicating with him. He stated he had talked with Roberts several times during the time his case was pending.

Hall agreed he understood the terms of the guilty plea, he discussed it with Roberts, and that he signed the plea agreement. He further understood that he waived his right to appeal his sentence, except on the grounds of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. He further testified he understood he received a sentence that was much lower than what the government was seeking and that was below his guidelines range.

7

Roberts testified he never discussed an appeal with Keisha Hall and had no messages from her after the sentencing. Roberts testified his office has a secretary that answers the phone and a voicemail system that is always available if a call is unanswered. The voicemail system also sends an email transcription of any voicemail messages that are received. Roberts testified he never received a message from either Hall or his sister after the sentencing.

In addition, Roberts testified after the sentencing he and Hall briefly disused his right to appeal and that Hall did not wish to do so. Roberts stated that the sentence Hall received was 82 months below the bottom of the guideline range. Roberts testified that while Hall was not "excited" about his sentence, that it was definitely a relief that it was below the guideline range. He stated that Hall is "one of the more intelligent and involved criminal defendants" he has represented. Hall's sentencing guideline range was 262 to 327 months. Roberts stated that he and Hall discussed the plea agreement thoroughly and that Hall understood the sentence range and that he could be sentenced above or below the guidelines range. In fact, the government sought 300 months. Roberts argued for a 120 month sentence. Hall was ultimately sentenced to 180 months.

Roberts testified he was never contacted regarding an appeal of this below guideline sentence. Roberts stated Hall had his contact information and had routinely contacted him during the two years he represented him.

The Court finds Roberts' testimony is credible. The credibility is bolstered by the testimony that there were no difficulties with prior communications between Roberts and Hall. Further, Keisha Hall testified that her messages never indicated the purpose of her call and despite her ability to email Roberts she never attempted to contact him via email communication after the sentencing. Hall's testimony that he attempted to contact Roberts' office on multiple occasions but was unable to leave a message is contradictory to his prior communications with counsel and the

8

testimony regarding the voicemail system. Further, and even more compelling, is the fact that Hall received a sentence below the guideline range. Despite facing a 262 to 327 months sentence, Hall received a total of 180 months' imprisonment.

Finally, Hall's plea agreement contained an appeal waiver. Hall agreed to waive his right to appeal his sentence except on grounds of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. As a result, any appeal of Hall's sentence would have been waived.

The Court finds Hall is articulate and appeared knowledgeable regarding his plea agreement and sentence. The Court does not find it credible that if he desired to appeal his sentence he could not communicate with Roberts. Further, the Court finds it unlikely Hall wanted to appeal his below guideline sentence. An appeal, even if successful, could, and most likely would, result in a higher sentence based on his guideline range. The Court finds Hall's testimony less credible and unlikely.

Wherefore, after considering all the evidence and testimony before the Court, the Court finds the testimony does not support that Hall requested that Roberts appeal his sentence. Hall's claim is denied.

## DECISION

For the reasons set forth herein, Movant's Motion is **DENIED** in it is entirety. The Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2) (certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right"). The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: February 6, 2025

                                           */s/ Douglas Harpool*
                                           DOUGLAS HARPOOL
                                           UNITED STATES DISTRICT JUDGE